UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VICKY CLOSE,<br><br>                    Plaintiff,<br>     v.<br><br>PENNEY OPCO LLC et al.,<br><br>                    Defendant. | CASE NO. 3:24-cv-05756-DGE<br><br>ORDER TO SHOW CAUSE |

       This matter comes before the Court on its own motion. A key legal question concerning the viability of Plaintiff's Washington Consumer Protection Act claim appears materially identical to a question that the Ninth Circuit recently certified to the Washington Supreme Court in *Montes v. Sparc Group, LLC*. *See Montes v. Sparc Group, LLC*, 2:22-cv-00201-TOR, Ninth Circuit No. 23-35496. In *Montes*, which originated in the Eastern District of Washington, the appellate panel certified the following question: "When a seller advertises a product's price, coupled with a misrepresentation about the product's discounted price, comparative price, or price history, does a consumer who purchases the product because of the misrepresentation

ORDER TO SHOW CAUSE - 1

1   suffer an 'injur[y] in his or her business or property' under Wash. Rev. Code §§ 19.86.020 and

2   19.86.090 if the consumer pays the advertised price?" *See Montes v. Sparc Group, LLC*, 2:22-

3   cv-00201-TOR, Dkt. No. 32 at 2.

4   In this litigation, Plaintiff filed a complaint alleging that "[f]or years, JCPenney has

5   engaged in a massive false discount advertising scheme across nearly all of its products on both

6   its website and in its retail stores." (Dkt. No. 1 at 2.) "JCPenney's deceptive pricing scheme is

7   intended to trick consumers into believing that its products are worth, and have a market value

8   equal to, the inflated list price, and that the lower advertised 'sale' price represents a special

9   bargain," Plaintiff argues. (*Id*.) Plaintiff alleges that she was harmed by the scheme when she

10  bought the Multi Sac North/South Zip Around Crossbody Bag, which was advertised as marked

11  down from $50 to $20. (*Id*. at 24.) "In reality, and unbeknownst to Ms. Close, JCPenney had

12  never offered the Bag at the purported regular price of $50," Plaintiff argues; indeed, in the

13  weeks prior to her purchase, it was offered for $14. (*Id*. at 25.) Accordingly, Plaintiff claims the

14  advertised reference price constituted a material misrepresentation that induced her to purchase

15  the bag for more money than it was worth, resulting in a loss of money. (*Id*.) Plaintiff brings

16  one cause of action under the Washington Consumer Protection Act (Wash. Rev. Code

17  § 9.86.090.) and seeks injunctive relief and money damages. (*Id*. at 27–32.)

18  Neither party has asked this Court to stay this matter in light of the pending *Montes*

19  appeal, but based on its assessment that the *Montes* decision could resolve or narrow this dispute,

20  the Court orders the parties to show cause why this matter should not be stayed. To determine

21  whether a stay is appropriate, "the competing interests which will be affected by the granting or

22  refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

23  Among those competing interests are "the possible damage which may result from granting a

24

stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. In their responsive briefs, the parties should address the elements of the multi-factor test above, including potential benefits of a stay, such as judicial economy and efficiency, and any drawbacks, such as delay. The parties should further address the extent to which *Montes* may resolve or narrow this dispute.

Accordingly, the Court ORDERS both parties to show cause why this case should not be stayed pending resolution of *Montes*. The Court directs the parties to meet and confer to determine their positions as to a stay, and to respond as follows:

- If the parties agree on the propriety of a stay, or lack thereof, they may file a joint position statement no later than 14 days from this Order.
- If the parties do not agree, Plaintiff shall file a statement of its position 14 days from this Order, and Defendant shall file a statement 21 days from this Order.

Dated this 20th day of June, 2025.

David G. Estudillo
United States District Judge

ORDER TO SHOW CAUSE - 3